STATE COURT OF HENRY COUNTY
STATE OF GEORGIA

EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA
**STSV2022000072**
DBB
JAN 19, 2022 12:05 PM

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

Usher, Wendell, Jr.

CIVIL ACTION NUMBER  STSV2022000072

**PLAINTIFF**

VS.

Platinum Express, Inc.
Mosley, Tierre Jamel

**DEFENDANTS**

**SUMMONS**

TO: PLATINUM EXPRESS, INC.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Hector J Rojas
Morgan & Morgan
191 Peachtree Street NE
Suite 4200
Atlanta, Georgia 30303

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This 19th day of January, 2022.

Clerk of State Court

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

Page 1 of 1

**EXHIBIT A**

IN THE STATE COURT OF HENRY COUNTY
STATE OF GEORGIA

EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA
**STSV2022000072**
DBB
JAN 19, 2022 12:05 PM

Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

| | |
|---|---|
| WENDELL USHER, JR., <br><br> Plaintiff, <br> vs. <br><br> PLATINUM EXPRESS, INC. and TIERRE JAMEL MOSLEY, <br><br> Defendants. | CIVIL ACTION <br> FILE NO: _____ <br><br><br> JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW Plaintiff Wendell Usher, Jr., and states his complaint against Defendants Platinum Express, Inc. and Tierre Jamel Mosley as follows:

### PARTIES AND JURISDICTION

1.

Plaintiff is a resident of the State of Georgia and submits himself to the jurisdiction and venue of this Court.

2.

Defendant Platinum Express, Inc. (hereinafter referred to as "Defendant Platinum") is a foreign, for-profit corporation existing under the laws of the State of Ohio. Defendant Platinum may be served with a Summons and Complaint, pursuant to O.C.G.A. § 14-2-504, through its Registered Agent, Myna J. Burba, at 14027 Friend Drive, Germantown, OH 45327 as of the date of the filing of this Complaint.

3.

Defendant Platinum, a corporation not organized or existing under the laws of the State of Georgia and not authorized to do or transact business in the State of Georgia, is subject to the venue and jurisdiction of this Court under the Long-Arm Statute (O.C.G.A. § 9-10-91) by virtue

**EXHIBIT A**

of the fact that Defendant, through its employee or agent, operated a vehicle on the roads located in the State of Georgia and committed a tortious act in Henry County, Georgia.

4.

Defendant Tierre Jamel Mosley (hereinafter "Defendant Mosley") is a citizen and resident of the State of Ohio, whose last known residence is 5086 Fortman Drive, Dayton, OH 45417. Defendant may be served at that address pursuant to O.C.G.A. § 9-10-94.

5.

Defendant Mosley is subject to the venue and jurisdiction of this Court under Long-Arm Statute (O.C.G.A. § 9-10-91) by virtue of the fact that Defendant operated a vehicle on the roads located in the State of Georgia and committed a tortious act in Henry County, State of Georgia.

6.

Jurisdiction and venue are proper in this Court pursuant to O.C.G.A. § 40-12-3 and the Long-Arm Statute.

## COUNT I – NEGLIGENCE/NEGLIGENCE *PER SE* OF DEFENDANT MOSLEY

7.

Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 6 above as if they were fully restated verbatim.

8.

On or about August 26, 2020, Plaintiff was driving a 2018 Kalmar Ottawa and was parked at the business located at 190 Kings Mill Road, McDonough, GA 30253 inside the county limits of Henry County, Georgia.

9.

On or about the same time and place, Defendant John Doe was driving a 2003 Freightliner and was also parked at the business located at 190 Kings Mill Road, McDonough, GA 30253. Defendant John Doe suddenly and without warning drove his tractor trailer truck in reverse and

**EXHIBIT A**

negligently, recklessly, carelessly and unlawfully crashed the 2003 Freightliner into the vehicle of the Plaintiff.

10.

As a result of the collision, Plaintiff suffered multiple serious injuries.

11.

At all relevant times, Defendant Mosley owed certain civil duties to Plaintiff. Notwithstanding those duties, Defendant Mosley did violate them in the following particulars:

a. In failing to make reasonable and proper observations while driving the tractor trailer truck; or, if reasonable and proper observations were made, failing to act thereon;

b. In starting and then reversing the parked tractor trailer when such movement could not be made with reasonable safety in violation of O.C.G.A. §40-6-122;

c. In reversing or backing the tractor trailer when such movement could not be made with safety and without interfering with other traffic in violation of O.C.G.A. § 40-6-240;

d. In failing to make timely and proper application of his brakes in violation of O.C.G.A. § 40-6-241;

e. In failing to observe or undertake the necessary precautions to avoid a collision in violation of O.C.G.A. § 40-6-390;

f. In driving the tractor trailer truck without due caution and circumspection and in a manner so as to endanger the person and/or property of others in the immediate vicinity in violation of O.C.G.A. § 40-6-241;

g. In driving the tractor trailer truck in reckless disregard for the safety of persons and/or property in violation of O.C.G.A. § 40-6-390; and

**EXHIBIT A**

h.  In committing other negligent and reckless acts and omissions as may be shown by the evidence and proven at trial.

12.

Defendant Mosley's violations of the aforementioned duties of care constitute negligence and/or negligence *per se*.

13.

As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendant Mosley, Plaintiff has suffered substantial injuries and damages including medical and other necessary expenses, mental and physical pain and suffering due to the injuries to his body and nervous system, past and continuing personal inconvenience, past and continuing loss of capacity to labor, and past and continuing inability to lead a normal life. As a result of the subject collision, Plaintiff has incurred substantial medical expenses and continues to incur additional medical expenses due to his painful injuries.

## COUNT II – NEGLIGENCE OF PLATINUM EXPRESS, INC.

14.

Plaintiff realleges and incorporates herein by reference paragraphs 1 through 13 above as if they were fully restated verbatim.

15.

At all relevant times, Defendant Mosley was an employee and agent of Defendant Platinum and Defendant Mosley was driving the Freightliner tractor trailer truck within the course and scope of his employment with Defendant Platinum.

**EXHIBIT A**

16.

Defendant Platinum is liable for the acts and omissions of Defendant Mosley as Defendant Platinum's agent and employee at the time of the collision-in-suit, under the theory of *respondeat superior*.

17.

Defendant Platinum negligently hired, retained, and supervised Defendant Mosley.

18.

Defendant Platinum negligently entrusted the Freightliner tractor trailer truck to Defendant Mosley when they knew or should have known that its driver was incompetent or unfit to perform the duties given to the driver by the company.

19.

As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendant Platinum, Plaintiff has suffered substantial injuries and damages including medical and other necessary expenses, mental and physical pain and suffering due to the injuries to his body and nervous system, past and continuing personal inconvenience, past and continuing loss of capacity to labor, and past and continuing inability to lead a normal life. As a result of the subject collision, Plaintiff has incurred substantial medical expenses and continues to incur additional medical expenses due to his painful injuries.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays and demands as follows:

(a) That Process and Summons issue, as provided by law, requiring Defendants to appear and answer Plaintiff's Complaint;

(b) That service be had upon Defendants as provided by law;

(c) That Plaintiff have and recover general damages from Defendants, as the jury deems is liable to Plaintiff, and in such an amount as the jury deems just and appropriate to fully

**EXHIBIT A**

and completely compensate Plaintiff for all of their injuries and pain and suffering, mental, physical, and emotional, past, present, and future;

(d) That Plaintiff have and recover from Defendants, special damages for past and future medical expenses and loss of income in the past and future in such an amount as shall be proven at trial;

(e) That this matter be tried to a jury;

(f) That all costs be cast against the Defendants; and

(g) For such other and further relief as this Court deems just and appropriate.

This 19th day of January, 2022.

                                                Respectfully Submitted,

                                                /s/ Hector J. Rojas, Jr.
                                                Hector J. Rojas, Jr., Esq.
                                                Georgia Bar Number 996098
                                                Attorney for Plaintiff

MORGAN & MORGAN ATLANTA, PLLC
191 Peachtree Street, N.E., Suite 4200
P.O. Box 57007
Atlanta, Georgia 30343-1007
Tel: (404) 965-8837
Fax: (404) 720-3781
hrojasjr@forthepeople.com

**EXHIBIT A**



February 14, 2021

**VIA CERTIFIED MAIL**

Secretary of State of Georgia
Corporations Division
2 MLK Jr. Drive, SE
Suite 313, West Tower
Atlanta, GA 30334

    Re:    Wendell Usher, Jr. vs. Platinum Express, Inc. and Tierre Jamel Mosley
             Henry County State Court CAFN: STSV2022000072

Dear Sir/Madam:

Pursuant to O.C.G.A. § 40-12-2, please find enclosed the following documents being served upon your office with regards to the above-referenced case:

1. Service Fee (one Defendant) $10.00;
2. Service of Process, Notice (Form SOP-1);
3. Summons and Complaint.

Please provide our office with a Certificate of Acknowledgment at your earliest convenience.

Thank you for your assistance with this matter. Please let us know if you have any questions.

Sincerely,

*Hayley Turner*

Hayley Turner
Litigation Paralegal

/ht

191 Peachtree St. NE, Suite 4200 • P.O. Box 57007 • Atlanta, GA 30343-1007 • tel (404) 965-8811

**EXHIBIT A**



**OFFICE OF SECRETARY OF STATE**
CORPORATIONS DIVISION
2 Martin Luther King Jr. Dr.
Suite 313 West Tower
Atlanta, Georgia 30334
(404) 656-2817



# SERVICE OF PROCESS, NOTICE, OR DEMAND
## ON THE SECRETARY OF STATE AS STATUTORY AGENT

1. **Case Information.** The service of process being made relates to the following proceeding:

   Style of Proceeding: **Wendell Usher, Jr. vs. Platinum Express, Inc., et al.**
   (e.g. name of the plaintiff vs. name of the defendant, or In the matter of..., etc.)

   Civil Action No./File No.: **STSV2022000072**

   Court: **Henry County State Court**
   (The name of court the proceeding is pending in.)

2. **Statutory Authority.** Service is being made on the Secretary of State pursuant to the following Official Code of Georgia Annotated ("O.C.G.A.") section:

   ☐ O.C.G.A. § 9-11-4(e)(1)*      ☐ O.C.G.A. § 14-8-46(i)*       ☐ O.C.G.A. § 14-11-209(f)*
   ☐ O.C.G.A. § 14-2-1510(b)       ☐ O.C.G.A. § 14-8-50(c)        ☐ O.C.G.A. § 14-11-703(h)*
   ☐ O.C.G.A. § 14-2-1520(c)       ☐ O.C.G.A. § 14-8-52(d)        ☐ O.C.G.A. § 14-11-707(c)
   ☐ O.C.G.A. § 14-2-1531(d)       ☐ O.C.G.A. § 14-9-104(g)*      ☐ O.C.G.A. § 14-11-709(d)
   ☐ O.C.G.A. § 14-3-1510(b)       ☐ O.C.G.A. § 14-9-902.1(i)*    ☒ O.C.G.A. § 40-12-2*
   ☐ O.C.G.A. § 14-3-1520(c)       ☐ O.C.G.A. § 14-9-906          ☐ O.C.G.A. § 40-1-117
   ☐ O.C.G.A. § 14-3-1531(d)       ☐ Other: O.C.G.A. _____

   Note: Asterisk (*) denotes that a certified writing or affidavit is required.

3. **Defendant Information.** Pursuant to the foregoing statutory authority, the Secretary of State is being served as statutory agent for:

   Name of Business Entity or Individual: **Platinum Express, Inc.**

   Business Entity Control Number (if applicable): _____

   The registered agent's or defendant's address where service forwarded to or sheriff attempted service:

   **2549 Stanley Ave, Dayton, OH  45404**  (Defendant's principal address where service has been forwarded to)

   **14027 Friend Drive, Germantown, OH  45327**  (Defendant's registered agent where service was attempted by process server and neighbor confirmed registered agent moved.)

4. **Filer's Information.** Person requesting service and to whom the Certificate of Acknowledgment or rejection/deficiency notice is to be sent:

   Name: **Hector J. Rojas, Jr., Morgan & Morgan Atlanta, PLLC**

   Address: **P.O. Box 57007**
   **Atlanta, GA  30343-1007**

   Email: **hrojasjr@forthepeople.com**

Form SOP-1
(Rev.6/2018)

**EXHIBIT A**



IN THE STATE COURT OF HENRY COUNTY
STATE OF GEORGIA

| | |
|---|---|
| WENDELL USHER, JR.,<br><br>Plaintiff,<br>vs.<br><br>PLATINUM EXPRESS, INC. and<br>TIERRE JAMEL MOSLEY,<br><br>Defendants. | CIVIL ACTION<br>FILE NO: STSV2022000072<br><br><br>JURY TRIAL DEMANDED |

**AFFIDAVIT OF COMPLIANCE FOR SERVICE OF PROCESS**

PERSONALLY APPEARED BEFORE ME, the undersigned officer duly authorized to administer oaths, HECTOR J. ROJAS, JR., ESQ., who, after being duly sworn, on oath deposes and says:

1.

I am over the age of majority and I am an attorney duly licensed to practice law in the State of Georgia and an active member in good standing with the State Bar of Georgia.

2.

I am the attorney who represents the Plaintiff in the above-captioned action against Defendant Platinum Express, Inc., therein.

3.

I do hereby certify that in accordance with O.C.G.A. § 40-12-2, I have forwarded by Federal Express Overnight Delivery, signature requested, notice of service of the above case along with the Complaint and Summons to Defendant Platinum Express, Inc. at its principal office located at 2549 Stanley Ave, Dayton, OH 45404.

**EXHIBIT A**

4.

I further certify that I shall file with the appropriate Court, appended to the documents regarding this case: (1) any return receipt received as evidence of service upon said Defendant by the Plaintiff, and (2) this Affidavit of Compliance.

FURTHER AFFIANT SAITH NOT.

This 14th day of February, 2022.

 /s/ Hector R.
 HECTOR J. ROJAS, JR., ESQ.
 Georgia Bar No. 996098
 Attorney for Plaintiff

Sworn to and subscribed before me
this 14th day of February, 2022.
/s/ Bernice Smith
Notary Public
My Commission Expires: June 25, 2022

**EXHIBIT A**